IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASSOCIATION CASUALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>PARAGON FOODS, INC.; FERGUS ROBINSON; DON GURLEY; IRISH NIXON; RODRIQUEZ THORNTON; ANTAVIOUS ROBINSON; AND WILLIE SANFORD,<br><br>        Defendants. | CIVIL ACTION<br><br>FILE NO.:  1:04-CV-3752 |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Association Casualty Insurance Company ("Association Casualty"), Plaintiff in the above-styled action, and files its Reply Brief in Support of its Motion for Summary Judgment as follows:

A.    **There is no coverage under subsection c. of the Association Casualty Policy's definition of "personal and advertising injury.**

Paragon argues that the cases cited by Association Casualty holding that there is no coverage under this provision are irrelevant to this Court's

analysis because "not one of them is from Georgia." See Defendant Paragon Foods, Inc.'s Reply Brief in Support of its Motion for Summary Judgment ("Paragon's Brief"), p. 2.  It therefore contends that this Court must ignore these cases and focus instead on Georgia's rules regarding the construction of insurance policies.  Id. at pp. 2-3.  According to Paragon, under the rules of insurance contract construction, the language in the Policy is ambiguous and must therefore be interpreted in favor of coverage.  Id.

This argument is without merit.  Interestingly, Paragon has cited no authority for the proposition that this Court should mechanically apply the rules of contract construction and ignore the decisions of 14 other jurisdictions considering similar policy language.  Indeed, it is well-settled that Georgia Courts may, and do, look to persuasive authority from other jurisdictions in construing contracts.  See e.g., Dept. of Transp. v. Meadow Trace, Inc., 274 Ga.App. 267, 617 S.E.2d 246 (2005); Colonial Life & Acc. Ins. Co. v. Heveder, 274 Ga.App. 377, 618 S.E.2d 39 (2005).

With the exception of one case out of Arkansas, every jurisdiction which has considered whether the subsection c. definition of "personal and advertising injury" provides coverage in a case such as this has held that it

does not.[1]  Additionally, and perhaps more importantly, the Eleventh Circuit Court of Appeals has held that an "eviction" *implies an interference with possessory rights*. City of Delray Beach, Florida v. Agricultural Ins. Co., 85 F.3d 1527 (11th Cir. 1996).  Although the Eleventh Circuit was interpreting Florida law in City of Delray Beach, Florida law with respect to the interpretation of insurance contracts *is consistent with Georgia law*. See Small v. New Hamshire Indem. Co., -- So.2d --, 2005 WL 3234625 (Fl.App. December 2, 2005)(under Florida law, "[i]f an insurance policy is ambiguous, it must be construed in favor of the insured, particularly with respect to clauses limiting or excluding the insurer's liability [and]...[i]f the policy language at issue is susceptible of more than one reasonable interpretation, one providing coverage and the other limiting it, the policy is considered ambiguous.").

---

[1] *See, e.g., United States v. Security Mgmt. Co,.Inc.,* 96 F.3d 260, 264 (7th Cir. 1996) (applying Wisconsin law); *City of Delray Beach, Florida v. Agricultural Ins. Co.,* 85 F.3d 1527, 1534 (11th Cir. 1996) (applying Florida law); *Dryden Oil Co. of New England v. Travelers Indem. Co.,* 91 F.3d 278, 288 (1st Cir. 1996) (applying Massachusetts law); *Red Ball Leasing v. Hartford Accident and Indem. Co.,* 915 F.2d 306, 312 (7th Cir. 1990) (applying Indiana law); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.,* 933 F.Supp. 675, 680 (E.D.Mich 1996) (applying Michigan law); *Martin v. Brunzelle,* 699 F.Supp. 167, 170 (N.D.Ill. 1988) (applying Illinois  law); *Liberty Mut. Ins. Co. v. East Central Okla. Elec. Corp.,* 97 F.3d 383, 390-91 (Okla. 1996) (applying Oklahoma law); *Stein-Brief Group, Inc.v. Home Indem. Co.,* 65 Cal.App.4th 364,373, 76 Cal.Rptr.2d 3 (1988) (applying California law); and *County of Columbia v. Continental Ins. Co.,* 189 A.D.2d 391, 595 N.Y.S.2d 988, 991 (1993) (applying New York law); *Westfield Ins. Group v. J.P. Wharf's, Ltd,* 859 A.2d 74 (Del. Supr. 2004) (applying Delaware law); *Groshong v. Mutual of Enumclaw,* 329 Or. 303, 985 P.2d 1284 (Ore. Supr 1999) (applying Oregon law); *State Farm Fire & Cas. Co. v. Burkhardt,* 96 F.Supp.2d 1343, 1351 (M.D.Ala. 2000) (applying Alabama law); and *Decorative Ctr. V. Employers Cas.,* 833 S.W.2d 257, 262 (Tex. App. 1992) (applying Texas law).

Because an "eviction" implies a right of possession and the claimants have asserted no right of possession in the underlying case, there is no coverage under the Policy. This result is consistent with the overwhelming persuasive authority on this issue, including the Eleventh Circuit opinion, as well as with the Georgia rules of insurance contract construction.

**B.    There is no coverage under subsection d. of the Association Casualty Policy's definition of "personal and advertising injury.**

Paragon also takes issue with Association Casualty's argument that Paragon has not shown that its allegedly discriminatory practices are covered under subsection d. of "personal and advertising injury" which covers:

> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

In its Reply Brief, Paragon contends that the coverage exists for oral or written publication of material that slanders or libels a person or organization, whether or not it disparages that person or organization's goods, products or services. See Paragon's Brief, p. 7. However, Paragon has failed to cite any allegations of slander or libel made by the underlying Plaintiffs. Indeed, Paragon admits that the underlying Plaintiffs "do not expressly allege explicit oral or written statements" amounting to slander or libel. See Paragon's Brief in Support of its Motion for Summary Judgment,

4

p. 17.  Rather, Paragon relies solely on the allegation that the underlying Plaintiffs suffered emotional distress, humiliation and/or mental anguish as a result of being refused dine-in service at Paragon's restaurant.  Id.  The fact is there are no allegations (much less evidence) of slander or libel in the underlying Plaintiffs' complaint.  Therefore, as previously shown, no duty of defense or coverage is triggered under the subsection d. definition of "personal and advertising injury" as contained in Paragon's policy with Association Casualty.

## CONCLUSION

For all the foregoing reasons, this Court should grant Association Casualty's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Richard C. Foster*
_____
Richard C. Foster
Georgia State Bar No. 271057
*Attorney for Plaintiff*

HICKS CASEY & FOSTER, P.C.
136 North Fairground Street
Marietta, Georgia 30060
(770) 428-1000
(770) 428-4684 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASSOCIATION CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON FOODS, INC.; HUDDLE HOUSE, INC.; FERGUS ROBINSON; DON GURLEY; IRISH NIXON; RODRIQUEZ THORNTON; ANTAVIOUS ROBINSON; AND WILLIE SANFORD,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO.:  1:04-CV-3752 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of *Plaintiff's Reply Brief in Support of its Motion for Summary Judgment* by using the *CM/ECF system (Pacer)* which will automatically send email notification of such filing to the following attorneys of record:

Kenneth A. Shapiro, Esquire
Jason King, Esquire
MITCHELL & SHAPIRO
3490 Piedmont Road, NE
Suite 650
Atlanta, Georgia 30305

Helen H. Albee
HENRICHSEN SIEGEL, P.L.L.C.
1648 Osceola St.
Jacksonville, FL 32204

This the 30th day of December, 2005.

Respectfully submitted,

*/s/ Richard C. Foster*

_____
Richard C. Foster